Mr. Joel R. Tew Attorney for Town of Belleair Post Office Box 5124 Clearwater, Florida 33758-5124
Dear Mr. Tew:
On behalf of the Town of Belleair, you have asked for my opinion on substantially the following question:
What are the statutory requirements for community notification of the presence of sexual predators under section 775.21, Florida Statutes?
In sum:
The Chief of Police of the Town of Belleair may use his or her best judgment in determining appropriate notice to be given to members of the community and the public of the presence of a sexual predator so long as the information required by section775.21(7), Florida Statutes, is included in the notice. There is no time limitation prescribed for the length of time such community notification must be maintained.
According to your letter, the Town of Belleair receives notification from the Florida Department of Law Enforcement (FDLE) of the presence of sexual predators residing in the town. After receiving this notice, the town distributes flyers containing the requisite sexual predator information to residents located within the general vicinity of the sexual predator's permanent or temporary residence. As a further precaution, the town permanently posts a sexual predator notification, containing the information required by statute, at the front and the rear entrances of the town hall. The rear entrance of the town hall is also the main entrance to the town police department. The town continues to post this information as long as the Florida Department of Law Enforcement designates the individual a sexual predator.
A concern has arisen about whether the town may continue to notify current and new residents as to the presence of a sexual predator by posting the sexual predator notice on the front and rear entrance of the town hall. In addition, you question whether the town may continue to notify its residents about the continuing presence of a sexual predator after he or she has completed probation or parole so long as FDLE designates that person as a sexual predator. Finally you have asked whether the town must provide additional notice regarding the sexual predator to members of the community who become residents after the town's initial notification of the presence of a sexual predator. Based on these questions it appears that your primary concern is the period of time during which the town must notify its residents of the presence of a sexual predator as a resident of the community.
In adopting "The Florida Sexual Predators Act," section 775.21, Florida Statutes, the Legislature clearly expressed its concern with the threat to society represented by sexual offenders and sexual predators[1] and determined that community and public notification of the presence of sexual predators serves a compelling state interest.[2]
The high level of threat that a sexual predator presents to the public safety, and the long-term effects suffered by victims of sex offenses, provide the state with sufficient justification to implement a strategy that includes:
"* * *
4. Providing for community and public notification concerning the presence of sexual predators."[3]
Under provisions of the act, a sexual predator must register with the Florida Department of Law Enforcement.[4] In cases where the sexual predator registers at an office of the department, "the department must notify the sheriff and the state attorney of the county and, if applicable, the police chief of the municipality, where the sexual predator maintains a residence within 48 hours after the sexual predator registers with the department."[5] The department's sexual predator registration list is specifically made a public record by the act.[6] The act authorizes FDLE to "adopt guidelines as necessary regarding the registration of sexual predators and the dissemination of information regarding sexual predators as required by this section."[7]
Section 775.21(7), Florida Statutes, sets out the statutory requirements for community and public notification. The statute provides:
"Law enforcement agencies must inform members of the community and the public of a sexual predator's presence. Upon notification of the presence of a sexual predator, the sheriff of the county or the chief of police of the municipality where the sexual predator establishes or maintains a permanent or temporary residence shall notify members of the community and the public of the presence of the sexual predator in a manner deemed appropriate by the sheriffor the chief of police. Within 48 hours after receiving notification of the presence of a sexual predator, the sheriff of the county or the chief of police of the municipality where the sexual predator temporarily or permanently resides shall notify each licensed day care center, elementary school, middle school, and high school within a 1-mile radius of the temporary or permanent residence of the sexual predator of the presence of the sexual predator. Information provided to members of the community and the public regarding a sexual predator must include:
1. The name of the sexual predator;
2. A description of the sexual predator, including a photograph;
3. The sexual predator's current address, including the name of the county or municipality if known;
4. The circumstances of the sexual predator's offense or offenses; and
5. Whether the victim of the sexual predator's offense or offenses was, at the time of the offense, a minor or an adult."[8] (e.s.)
The sheriff or the chief of police may coordinate such notification efforts with FDLE.[9] In addition, the department is required to notify the public of all designated sexual predators through use of the Internet. This Internet notice must include all the information set out above. Finally, section 775.21, Florida Statutes, provides that "[t]he department shall adopt a protocol to assist law enforcement agencies in their efforts to notify the community and the public of the presence of sexual predators."[10]
A sexual predator must maintain registration with FDLE "for the duration of his or her life, unless the sexual predator has received a full pardon or has had a conviction set aside in a postconviction proceeding for any offense that met the criteria for the sexual predator designation."[11] Section 775.21(6), Florida Statutes, provides two methods for sexual predators to have that designation removed from the sexual predator registry. Both of these methods involve petitioning the criminal division of the circuit court in the circuit in which the sexual predator resides and both provide the court with the discretion to grant or deny such relief. Even if the sexual predator designation is removed from the registry, the sexual predator must comply with the requirements for registration as a sexual offender and other requirements provided under section 943.0435 or section 944.607, Florida Statutes. These statutes contain their own requirements for registration and authorize community notification although it is not mandatory.[12]
Thus, unless a sexual predator has received a full pardon or had that designation removed from his or her entry on the sexual predator registry, the designation applies throughout that person's lifetime. As the Legislature stated in section 944.606, Florida Statutes, relating to notification by the Department of Corrections that a sexual offender is being released:
Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing sexual offender information to law enforcement agencies and to persons who request such information, and releasing such information to the public by a law enforcement agency or public agency, will further the governmental interests of public safety.[13]
Thus, it appears that section 775.21(7), Florida Statutes, authorizes the chief of police or the sheriff to use his or her best judgment in determining the appropriate notice to be given to the community at large regarding the presence of a sexual predator. Nothing in the statute prescribes a particular length of time during which notice must be given or limits local law enforcement to a predetermined type of notice so long as the information required to be included is present. The Legislature has given local law enforcement flexibility in applying the terms of the statute to suit the needs of the particular community.
The Florida Department of Law Enforcement has adopted protocols for community and public notification in its book "Guidelines To Florida Sex Offender Laws." Within the section relating to community notification are several suggestions of types of notification that have been successful for communities in Florida. Among those suggestions are community crime prevention meetings which provide an opportunity to distribute information about local offenders and predators and to explain public information laws and safe practices. As a regularly scheduled function, these meetings would provide an on-going forum for local law enforcement agencies to provide notice to the community at large of the presence of sexual predators.[14]
I would also note that section 775.21(9), Florida Statutes, provides immunity to law enforcement agencies and their personnel and others from civil liability for damages for good faith compliance with the requirements of this section or for the release of information under this section. The section establishes a presumption that persons acting under the requirements of this statute are acting in good faith "in compiling, recording, reporting, or releasing the information."
In sum, it is my opinion that the Chief of Police of the Town of Belleair may use his or her discretion in determining appropriate notice to be given to members of the community at large and the public of the presence of a sexual predator so long as the information required by section 775.21(7), Florida Statutes, is included in the notice. There is no time limitation prescribed for the length of time such community notification must be maintained.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 775.21(3), Fla. Stat., providing the legislative findings and purpose and legislative intent for adoption of the act. And see, s. 775.21(4), Fla. Stat., for sexual predator criteria.
[2] Section 775.21(3)(c), Fla. Stat.
[3] Section 775.21(3)(b), Fla. Stat. And see, s. 775.21(3)(e), Fla. Stat., stating: "It is the intent of the Legislature to address the problem of sexual predators by: . . . 3. Requiring community and public notification of the presence of a sexual predator, as provided in this section."
[4] See, s. 775.21(6), Fla. Stat., for registration requirements. And see, "Guidelines to Florida Sex Offender Laws," prepared and published by the Florida Department of Law Enforcement.
[5] Section 775.21(6)(h), Fla. Stat.
[6] Section 775.21(6)(k)2., Fla. Stat.
[7] Section 775.21(6)(k)3., Fla. Stat.
[8] Section 775.21(7)(a), Fla. Stat.
[9] Section 775.21(7)(b), Fla. Stat.
[10] Section 775.21(7)(d), Fla. Stat.
[11] Section 775.21(6)(l), Fla. Stat.
[12] See, ss. 944.606(3)(d) and (4), Fla. Stat., authorizing local law enforcement to notify the community and the public of a sexual offender's presence in the community and provide information on sexual offenders "to the public in any manner deemed appropriate[.]"
[13] Section 944.606(2), Fla. Stat.
[14] You may wish to contact FDLE's Sexual Offender/Predator Unit for other suggestions: The Florida Department of Law Enforcement Sexual Offender/Predator Unit, P.O. Box 1489, Tallahassee, FL 32302-1489; www.fdle.state.fl.us; 1-888-357-7332.